# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 10-20149-02-KHV |
| EDWARD CARVIN, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's Motion For Review Of Detention Order (Doc. #11) filed November 19, 2010. On November 24, 2010, the Court held a hearing on the motion. For reasons stated below, the Court finds that defendant should be detained pending trial.

## Procedural Background

On November 2, 2010, the government charged defendant with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) and 924(a)(2). See Complaint (Doc. #1). On the date of the alleged offense, October 20, 2010, defendant was on supervised release in the District of Kansas for his conviction of possession with intent to distribute crack cocaine in case No. 03-20050-KHV.

On November 10, 2010, Magistrate Judge James P. O'Hara held a detention hearing and ordered defendant detained pending disposition of this case.

## Standard of Review

A defendant may seek review of a magistrate judge's order of detention under 18 U.S.C. § 3145(a)(1). The district court reviews *de novo* a magistrate judge's order of detention. See United States v. Lutz, 207 F. Supp.2d 1247, 1251 (D. Kan. 2002); United States v. Burks, 141 F. Supp.2d

1283, 1285 (D. Kan. 2001). The district court must make its own *de novo* determination of the facts and legal conclusion with no deference to the magistrate judge's findings. See Lutz, 207 F. Supp.2d at 1251. A *de novo* evidentiary hearing, however, is not required. See id. The district court may either "start from scratch" and take relevant evidence or incorporate the record of the proceedings conducted by the magistrate judge including the exhibits admitted. United States v. Torres, 929 F.2d 291, 292 (7th Cir. 1991). The Federal Rules of Evidence do not apply to detention hearings. See 18 U.S.C. § 3142(f). The Court may allow the parties to present information by proffer or it may insist on direct testimony. See id. The Court also may incorporate the record of the proceedings conducted by the magistrate judge including the exhibits admitted there. Lutz, 207 F. Supp.2d at 1251; see United States v. Chagra, 850 F. Supp. 354, 357 (W.D. Pa. 1994).

**Standards For Detention**

Under the Bail Reform Act of 1984, the Court must order an accused's pretrial release, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In making this determination, the Court must take into account the available information concerning –

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including –
>
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The government carries the burden to show that no condition or combination of conditions would reasonably assure the accused's presence in later proceedings and/or the safety of other persons and the community. Lutz, 207 F. Supp.2d at 1251 (burden of persuasion regarding risk of flight and danger to community always remains with government). The government must show by a preponderance of the evidence that defendant presents a serious flight risk. The government must prove dangerousness to any other person or the community by clear and convincing evidence. Id. at 1252.

## Analysis

The Court incorporates the record of the proceedings conducted by the magistrate judge.

**I.     Nature And Circumstances Of The Offense**

The offense involves a firearm. Further, the government presented evidence that on October 20, 2010 (the date of the charged offense), defendant was present at the scene of a drive-by shooting. Although the terms of his supervised release required that defendant immediately report such a circumstance, he did not report the incident until 10 days later. This factor weighs in favor of detention.

## II.     Weight Of The Evidence

Defendant asserts that the government's only evidence is the eyewitness testimony of one individual who indicated that defendant possessed a firearm.  Defendant asserts that the witness has a motive to place the blame on defendant to exonerate her child's father, a convicted felon who was also at the scene.  At the hearing on November 24, 2010, however, the government proffered evidence which supports a finding that defendant possessed a firearm.  The weight of the evidence favor detention.

## III.    History And Characteristics Of Defendant

Defendant is 26 years old and has never been married.  Defendant has lived in the Kansas City Metropolitan area his entire life.  Defendant appears to have strong family ties to Kansas City, Kansas.  His father, mother and five of his sisters all live in Kansas City, Kansas.  Defendant's ties to Kansas City suggest that he is not a flight risk.

Before his arrest, defendant was residing with his sister in Kansas City, Kansas.  Defendant reported that he had worked for more than one year at Jayhawk Propane in Kansas City, Kansas.

On December 14, 2004, this Court sentenced defendant to 87 months in federal prison for possession with intent to distribute cocaine base.  Since December of 2008, defendant has been on supervised release, and he has not tested positive for illegal substances during that time.

The United States Probation Office recommends that defendant be detained because of the nature of the offense, his criminal history and the fact that he was on supervised release at the time of the alleged offense.

Defendant's history and characteristics weigh in favor of detention.

### IV.     Danger To The Community

Before releasing defendant on any set of conditions, the Court must be satisfied that he will not pose a danger to any other person or to the community.  See 18 U.S.C. § 3142(b).  Here, defendant is charged with being a felon in possession of a firearm and has a criminal history of possession of drugs with intent to distribute.  Further, the government has proffered evidence that defendant has recently been engaged in illegal drug trafficking while on supervised release.  The Court finds by clear and convincing evidence that defendant is a danger to the community.

### V.     Conclusion

Based upon the evidence proffered at the hearing, the Court concludes that no set of conditions of release will ensure that defendant will not pose a danger to the community.

**IT IS THEREFORE ORDERED** that defendant's Motion For Review Of Detention Order (Doc. #11) filed November 19, 2010 be and hereby is **OVERRULED**.

Dated this 20th day of December, 2010 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge